FRANKLIN R. FRALEY, JR.—SBN 151879
Fraley & Associates
Ste. 702
617 W. 7th St.
Los Angeles CA  90017
Tel    213.550.4000
cmecf@fraleylaw.com

Attorneys for Creditor and Appellant REVERE
FINANCIAL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division)

| | |
|---|---|
| In re DOUGLAS J. ROGER, <br><br> Debtor. | **Appeal No. 5:14-cv-02515-SJO** |
| | **Appeal from:** <br> Bankruptcy Case No. 6:13-BK-27611-MH (Hon. Mark D. Houle) |
| REVERE FINANCIAL CORPORATION, a California limited liability company, <br><br> Creditor and Appellant, <br><br> v. <br><br> HELEN FRAZER, Chapter 7 Trustee; et al., <br><br> Appellees. | **Related Appeals:** <br> **5:14-cv-02513-SJO** <br> **5:15-cv-00087-SJO** <br> **5:15-cv-00127-DMG** <br><br> **OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION** |

Fraley & Associates
Ste. 702
617 W. 7ᵗ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION

## **Certificate of Corporate Disclosure and Statement of Interested Parties**

The undersigned certifies that the following parties have an interest in the outcome of this appeal and/or have at least a ten percent interest in an entity in a party to this appeal.  RFC makes these representations to enable the judge on appeal to evaluate possible disqualification or recusal.

- **Creditor and Appellant Revere Financial Corporation**
  - o   Jerrold A. Fine—President of Revere Financial Corporation
- **Chapter 7 Trustee and Appellee Helen Frazer**
- **Debtor and Appellee Douglas J. Roger**
  - o   <u>Jointly and Severally Liable Debtors on Roger's Debt to RFC</u>
    - ▪   Nicole Ebarb
    - ▪   Douglas J. Roger, M.D., Inc.
      - •   Douglas J. Roger—Sole Shareholder
    - ▪   Baleine, LP
      - •   Nicole Ebarb—General Partner in Baleine, LP
      - •   Douglas J. Roger—General Partner in Baleine, LP
      - •   Hiram Business Trust—Limited Partner in Baleine, LP
        - o   Templar Holdings, LP—Beneficiary in Hiram Trust
        - o   Douglas J. Roger—General Partner in Templar
        - o   Sardis Trust—Limited Partner in Templar
          - ▪   Douglas J. Roger—Beneficiary in Sardis

Dated:  29 January 2015                    /s/ Franklin R. Fraley, Jr.
                                                          Franklin R. Fraley, Jr.

Fraley & Associates
Ste. 702
617 W. 7ᵗ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

-i-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

## **Certificate of Related Appeals**

The undersigned certifies that the following are known related appeals:

- 5:14-cv-02513-SJO
- 5:15-cv-00087-SJO
- 5:15-cv-00127-DMG

Dated:  29 January 2015                           /s/ Franklin R. Fraley, Jr.
                                                 Franklin R. Fraley, Jr.

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

**Opening Brief by Appellant Revere Financial Corporation**

## __Certificate of Compliance__

The undersigned certifies that the Opening Brief by Revere Financial Corporation, dated 29 January 2015, complies with the type-volume limitations of Federal Rule of Bankruptcy Procedure 8015(7)(b) because the text of brief contains 7,953 words (excluding the parts exempted by the rules) according to Microsoft Word, the word-processing program on which the brief was prepared.

Dated:  29 January 2015                    /s/ Franklin R. Fraley, Jr.
                                            Franklin R. Fraley, Jr.

FRALEY & ASSOCIATES
STE. 702
617 W. 7ᵗʰ ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

-iii-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

# **TABLE OF CONTENTS**

I.     INTRODUCTION / / STATEMENT OF THE CASE ...................................1

II.    STATEMENT OF JURISDICTION.................................................................4

III.   STANDARD OF REVIEW ............................................................................4

IV.    ISSUE ON APPEAL .......................................................................................5

V.     STATEMENT OF FACTS .............................................................................7

    A.   The State Court Action—The Loan Causes of Action ..........................7

    B.   RFC's Causes of Action To Set Aside Trusts .......................................8

    C.   Delay In The State Court Proceedings Causing Attorneys' and
        Receiver's Fees and Expenses to Rise .................................................8

    D.   The State Court Already Adjudicated All Of the Loan Claims And
        Ruled That Three Of The Four Trusts Were Void .................................9

        1.   The State Court's Summary Adjudication Of The Loan Claims  9

        2.   The State Court's Summary Adjudication Of The Trust Claims
            Re Arcanum Business Trust, The Rose Cross Trust, And The
            Sardis Trust.......................................................................................9

    E.   Effect Of Bankruptcy...........................................................................10

    F.   RFC Is The Largest Creditor in Roger's Bankruptcy..........................11

    G.   No Removal ..........................................................................................11

    H.   RFC's Motion for Relief from Stay.....................................................11

    I.   The Trustee's Opposition to the Motion...............................................11

    J.   The Trustee's Objection to RFC's Claim .............................................12

    K.   Roger's Opposition to the Motion .......................................................13

    L.   Roger's Objection to RFC's Claim ......................................................13

    M.   Bankruptcy Court's Ruling On RFC's Motion For Relief From Stay  13

VI.    LEGAL DISCUSSION .................................................................................15

    A.   The Bankruptcy Court Committed A Reversible Error By Denying
        Relief From Stay As A Matter of Law .................................................15

FRALEY & ASSOCIATES
STE. 702
617 W. 7ᵗʰ ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

-iv-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1

B.    The Bankruptcy Court Committed A Reversible Error By Denying
Relief From Stay As A Matter of Fact ................................................. 18

VII.   CONCLUSION ............................................................... 28

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA 90017
Tel 213.550.4000
Cmecf@fraleylaw.com

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

<u>Castlerock Properties</u>
751 F.2d 163 ............................................................................................. 19

<u>Edmondson v. America West Airlines</u>
148 B.R. 920 (Bankr. D. Az. 1993) ....................................................... 16, 20

<u>In re Banks</u>
263 F.3d 862 (9th Cir. 2001) .................................................................... 4

<u>In re Blan</u>
237 B.R. 737 (8th Cir. 1999) .................................................................. 19

<u>In re Castlerock Properties</u>
781 F.2d 159 (9th Cir. 1986).............................................................. 5, 16

<u>In re Davis</u>
91 B.R. 470 (N.D. Ill. 1988) .................................................................. 19

<u>In re Kemble</u>
776 F. 2d 802 (9th Cir. 1985)............................................................... 4, 18

<u>In re McGuirt</u>
61 B.R. 974 (S.D. Tex. 1986) ................................................................ 19

<u>In re Pacific Gas & Elec. Co.</u>
279 B.R. 561 (N.D. Cal. 2002) .............................................................. 19

<u>In re Plumberex Specialty Prods., Inc.</u>
31 B.R. 551 (C.D. Bankr. 2004) ........................................................... 20

<u>In re Santa Clara County Fair Ass'n</u>
180 B.R. 564 (9th Cir. BAP 1995)................................................... 5, 15, 18

<u>In re Tucson Estates, Inc.</u>
912 F. 2d 1162 (9th Cir. 1990)......................................................... 4, 5, 15

<u>Matter of Pursuit Athletic Footwear, Inc.</u>
193 B.R. 713 (D. Del. 1996) .................................................................. 19

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

FRALEY & ASSOCIATES
STE. 702
617 W. 7ᵀᴴ ST.
LOS ANGELES CA 90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **FEDERAL STATUTES**

Fed. R. Bankr. Proc. 8003(a)(1) ................................................................. 4

FRALEY & ASSOCIATES
STE. 702
617 W. 7ᵗʰ ST.
LOS ANGELES CA 90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

### INTRODUCTION / / STATEMENT OF THE CASE

By the time Debtor and Appellee Douglas J. Roger ("Roger"), filed bankruptcy, Roger and Secured Creditor and Appellant Revere Financial Corporation ("RFC") had litigated Roger's loan debt to RFC in a state-court action for four years to the point where the State Court had decided all issues against Roger on motions and needed only to enter judgment and decide post-judgment motions for attorneys' and receivers' fees, expenses, and costs. Naturally, RFC moved the Bankruptcy Court for relief from stay, seeking **only** to reduce RFC's claim to judgment and liquidate the fee issues by post-judgment motions and expressly **not** to enforce the resulting judgment, but leave the Bankruptcy Court to determine RFC's relative rights to collect that judgment in the bankruptcy claims-adjustment process. The Bankruptcy Court (after expressing doubt about the amounts of attorneys' and receivers' fees, expenses, and costs) denied RFC relief from stay for the express reason that the Bankruptcy Court was concerned that the State Court might decide the fee issues in a manner that "would not take into account sort of the bigger picture," i.e., that the State Court might award excessive fees, expenses, and costs, creating a large claims for RFC and the Receiver that would affect the solvency of the bankruptcy estate.

Controlling Ninth Circuit and Ninth Circuit Bankruptcy Appellate Panel law, however, hold that, in considering requests for relief from stay, a bankruptcy court:

•      abuses its discretion by denying relief from stay to a creditor to litigate a state-court action to judgment where a state-court action has reached an advanced stage of litigation and concerns predominantly state-law issues;

•      may not consider whether a state court will decide the state-law issues in the same way that the bankruptcy court would; and

•      should not consider the potential impact of a state court's decision of a state-law issue on the bankruptcy estate as the overriding factor

-1-

FRALEY & ASSOCIATES
STE. 702
617 W. 7TH ST.
LOS ANGELES CA 90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

in determining relief from stay.

In short, the basic rule of decision on motions for relief from stay is:  State courts should decide state-law issues, and bankruptcy courts should decide bankruptcy-law issues.

In denying RFC relief from stay, the Bankruptcy Court contravened that rule, and, indeed, expressly contradicted all three of the underlying precepts that control when a bankruptcy court should grant relief from stay:

   • The Bankruptcy Court completely ignored the advanced stage of the state-court litigation—pleadings (including dispositive pleading motions granted to RFC), discovery (including more than a dozen discovery motions, appointment of a discovery referee, monetary sanctions against the Roger Defendants and their attorneys, and evidentiary sanctions against Roger), prejudgment remedies (including attachment orders and appointment of a receiver), summary adjudication motions (four in all and all decided in RFC's favor), and an impending trial date just six months away—more than enough to establish per se abuse of discretion not to grant relief from stay.

   • The Bankruptcy Court expressed concern that the State Court would not decide the issue, particularly the issue of fees, in the same way that the Bankruptcy Court would—again, a per se abuse of discretion.

   • The Bankruptcy Court expressed doubt, on the record, of the State Court's ability to see "the bigger picture," i.e., that the decision could affect the bankruptcy estate, and suggesting that Bankruptcy Court's view of "the bigger picture," rather than the rule of state law governing fee awards, should control the outcome—again, a per se abuse of discretion.

In short, the Bankruptcy Court doubted the ability of the State Court to do its job and preferred instead to usurp the State Court's jurisdiction over basic state-law issues, i.e., determination of liability on a loan and liquidating the amount due, including the amounts due on attorney's fees and receiver clauses in the loan

Fraley & Associates
Ste. 702
617 W. 7ᵗ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

-2-

OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION

documents.

This, the Ninth Circuit holds, is exactly what the Bankruptcy Court may not do, and for good reason. In deciding relief from stay, the Ninth Circuit places a premium on:

- preventing forum shopping by not denying the parties of their originally-chosen forum for state-law issues simply because one files bankruptcy;

- maximizing efficiency by avoiding relitigation of issues that have already reached the point of decision in state court; and

- avoiding incorrect and inconsistent results by having the court with the proper expertise decide all of the issues among litigants, whether debtor or non-debtor.

Yet, the Bankruptcy Court's decision defeats each of those goals:

- forcing RFC to relitigate four years of state-court litigation on all issues before the Bankruptcy Court if anyone objects to RFC's claim (because the State Court has not entered judgment and, Roger has objected to RFC's claim on all of the same grounds that Roger asserted in State Court and the State Court decided);

- forcing RFC to finally liquidate RFC's claim against jointly and severally liable parties in one state-court action and three bankruptcies;

- forcing RFC to litigate state-law rights to attorneys' and receiver's fees, expenses, and costs based on the four-year record of hotly-contested state-court litigation before the Banrkuptcy Court, which has no direct knowledge of anything that happened before the State Court.

Indeed, the Bankruptcy Court's denial of relief from stay fulfills Roger's goal in filing bankruptcy in the first place—to forum-shop. This Court, therefore, should reverse the Bankruptcy Court's decision as an abuse of discretion under controlling Ninth Circuit authority and grant RFC relief from stay.

FRALEY & ASSOCIATES
STE. 702
617 W. 7ᵗ ST.
LOS ANGELES CA 90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

-3-

# I.    STATEMENT OF JURISDICTION

RFC appeals from an order from the United States Bankruptcy Court for the Central District of California denying RFC relief from stay to proceed against Roger with a state-court action that had been pending for over four years to judgment and obtain orders on post-judgment motions for attorneys' and receiver's fees, expenses, and costs (the "Order").  District courts have jurisdiction to review appeals from final bankruptcy orders.   Federal Rule of Bankruptcy Procedure 8003(a)(1) (Thomson Reuters 2015).  An order denying relief from bankruptcy stay is an appealable final order.  In re Tucson Estates, Inc., 912 F. 2d 1162, 1166 (9th Cir. 1990); In re Kemble, 776 F. 2d 802, 805 (9th Cir. 1985).   The Bankruptcy Court entered the Order on 19 November 2014.  RFC timely filed a notice of appeal on 3 December 2014.  This Court, therefore, has jurisdiction to hear an appeal from the Order.

# II.    STANDARD OF REVIEW

A court should review an appeal from a bankruptcy court's final judgments and orders based on legal conclusions and/or mixed questions of law and fact *de novo*.  In re Banks, 263 F.3d 862, 867 (9th Cir. 2001); Tucson Estates, 912 F.2d at 1166.   Appeal courts generally review orders granting or denying relief from the automatic stay for abuse of discretion.   See e.g., Tucson Estates, 912 F.2d at (bankruptcy court's order denying relief from stay was reversible error as a non-bankruptcy forum, not the bankruptcy court, is the appropriate forum to determine non-bankruptcy issues).   So, to the extent the Bankruptcy Court based the Order on conclusions of law, this Court should review those conclusions de novo.  To the extent that the Bankruptcy Court based the Order on findings of fact, this Court should review those findings for abuse of discretion.

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA 90017
Tel 213.550.4000
Cmecf@fraleylaw.com

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1                             **III.**    <u>**ISSUE ON APPEAL**</u>

2       Did the Bankruptcy Court err in denying RFC relief from stay to prosecute

3 state-court causes of action to judgment where:

4           •    Controlling authority holds that, where the plaintiff's claim

5 involves non-bankruptcy issues of law, where another forum has proper, pre-

6 existing jurisdiction over the plaintiff's claim, and where the plaintiff's claim

7 involves non-debtor parties, the balancing of equities requires a bankruptcy

8 court to grant relief from stay, <u>In re Santa Clara County Fair Ass'n</u>, 180 B.R.

9 564 (9th Cir. BAP 1995); <u>In re Tucson Estates, Inc.</u>, 912 F.2d 1162, 1167 (9th

10 Cir. 1990); <u>In re Castlerock Properties</u>, 781 F.2d 159, 164 (9th Cir. 1986).

11           •    Before Roger filed bankruptcy, the State Court determined the

12 merits of all causes of action regarding all jointly and severally liable debtor-

13 defendants'/non-debtor defendants' liability to RFC on two loans on motions

14 for summary adjudication, ruling in favor of RFC on all issues;

15           •    Before Roger filed bankruptcy, the State Court determined the

16 lack of merits of all causes of action in Roger defendants'/non-debtor

17 defendants' cross-complaint on motions for judgment on the pleadings and

18 motions for summary adjudication, ruling in favor of RFC on all issues;

19           •    All that remains for the State Court to do is enter orders on

20 motions for summary adjudication in RFC's favor, enter judgment, and

21 decide post-judgment fee motions—the State Court Action, therefore, was in

22 an advanced stage of litigation;

23           •    No party removed the State Court Action by the deadline to do

24 so;

25           •    The State Court Action involved multiple causes of action by

26 RFC against multiple jointly and severally liable defendants (debtors and

27 non-debtors), so having the State Court resolve all causes of action among

28 these multiple jointly and severally liable defendants at one time would

Fraley & Associates
Ste. 702
617 W. 7ᵗ St.
Los Angeles CA 90017
Tel 213.550.4000
Cmecf@fraleylaw.com

-5-

ensure consistent results and result in the complete resolution of all issues;

• Denying RFC relief from stay would require RFC to prosecute RFC's claims against the jointly and severally liable non-debtor defendants first before the State Court, and then prosecute those exact same claims against Roger, BLP, (and now DJRI) again before the bankruptcy court in three different bankruptcies, requiring triplicate work and increasing the risk of inconsistent results if two different courts decide the same causes of action against different debtor/non-debtor defendants and/or allocate fee awards among debtor-defendants and non-debtor defendants differently;

• Denying RFC relief from stay would create multiple inconsistent judgments, causing confusion, complicating enforcement, and preventing the ease of enforcing one uniform judgment against all jointly and severally debtor/non-debtor defendants;

• No evidence exists in the record to establish that denying relief from stay would be more expeditious or economical;

• Insufficient evidence exists in the record to establish any actual adverse impact on, or interference with, the bankruptcy estate;

• Roger did not show any harm or prejudice;

• The State Court is more familiar with, and in a better position to determine, the reasonable amounts of attorneys' fees/expenses and receiver's fees/expenses that RFC and the Receiver incurred due to the debtor/non-debtor defendants' conduct before the State Court for over four years having personal knowledge of that conduct and the reasons for, and merits of, that conduct, rather than a bankruptcy judge who has no personal knowledge of that conduct whatsoever; and

• RFC represents approximately 98% of Roger's non-insider unsecured creditor pool in Roger's bankruptcy, so granting RFC relief from stay would not cause Roger's creditors to suffer prejudice?

FRALEY & ASSOCIATES
STE. 702
617 W. 7TH ST.
LOS ANGELES CA 90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

# IV.   STATEMENT OF FACTS

## A.   The State Court Action—The Loan Causes of Action

Secured Creditor Revere Financial Corporation ("RFC") filed a state court action entitled <u>Revere Fin. Corp. v. Roger</u>, Case No. INC 092 308 (Super. Ct. Cal., Cty. Riverside, Indio Branch, filed 2009-12-29) [the "State Court Action"], over four years ago to collect the balances due on two loans:

- **The Roger Loan**:  A loan by Non-Party 1st Centennial Bank (RFC's predecessor-in-interest) to Roger:
  - o   which Douglas J. Roger M.D., Inc., APC ("DJRI"), Roger's wholly-owned/controlled medical corporation, guaranteed; and
  - o   for which both Roger and DJRI pledged all of their assets as security (the "Roger Note Security Agreement"); and
- **The BLP Loan**:  A loan by the Bank to Baleine, LP ("BLP"), in which only Nicole Ebarb was a general partner at the time of the BLP Loan, which both Roger and DJRI ***guaranteed.***

I Appendix (Excerpts of Record) by Revere Financial Corporation for Opening Brief, dated 29 January 2015, Tab 1, ¶ 13 at 11–12 & 83–109 ["App"].

Specifically, in the State Court Action, RFC asserts:

- •   Three state-law causes of action for breach of contract on the promissory note, guaranty, and security agreement for the Roger Loan; and
- •   One state-law cause of action for judicial foreclosure of the security agreement related to the Roger Loan

against ***Roger (a debtor) and DJRI (a non-debtor at the time of the Motion)***; and

- •   Two state-law causes of action for breach of contract on the promissory note and guaranties for the BLP Loan;

against ***Roger (a debtor), DJRI (a non-debtor at the time of the Motion), BLP (a debtor), and Ebarb (a non-debtor)*** (collectively, the "Roger Defendants") (the "Loan Claims").  <u>Id</u>.

FRALEY & ASSOCIATES
STE. 702
617 W. 7. ST.
LOS ANGELES CA  90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

28

-7-

**B.     RFC's Causes of Action To Set Aside Trusts.**

During discovery on the Loan Claims, RFC discovered that the Roger Defendants created a series of sham trusts and over a dozen shell entities in Nevada, Colorado, Arizona, and California in extremely complicated structures to put the Roger Defendants' assets beyond the reach of the Roger Defendants' creditors.  I App, Tab 1, ¶ 15 at 12.   So, RFC amended RFC's complaint to include, among other things, a state law cause of action for declaratory relief to void all of the:

- Arcanum Business Trust;
- Hiram Business Trust;
- Rose Cross Trust; and
- Sardis Trust,

as invalid sham trusts *against Roger (debtor), Ebarb (non-debtor), and the trusts/trustees of the trusts (non-debtors)* (the "Trust Claims").  Id., ¶ 16 at 12-13.

**C.     Delay In The State Court Proceedings Causing Attorneys' and Receiver's Fees and Expenses to Rise.**

After RFC filed the State Court Action, for over four years the Roger Defendants:

- Litigated and re-litigated every mini issue over and over again on the exact same grounds, filing multiple motions/applications for reconsideration on multiple issues (filing as many as a dozen applications for reconsideration on one motion), I App, Tab 1, ¶¶ 23–24 at 14–15.

- Initially refused to respond to any discovery at all, then refused to simply admit the genuineness of the loan documents that the Roger Defendants signed, and then refused to admit any facts, leading to over half a dozen motions to compel and $20,000 in monetary sanctions and evidentiary sanctions against the Roger Defendants,  Id.; and

- Refused to produce any documents or disclose any of the Roger Defendants' assets despite a state-court order requiring the Roger Defendants

-8-

FRALEY & ASSOCIATES
STE. 702
617 W. 7⎺ ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1    to do so, leading to the appointment of a receiver, a contempt trial, and Roger
2    and Ebarb spending over forty days in jail for contempt.  Id.

3    Given the Roger Defendants' misconduct in the State Court Action for over four
4    years, the parties to the State Court Action invested an enormous of time and
5    resources to prosecute and defend the State Court Action—in the millions of
6    dollars.  II App, Tab 17 at 926.

7    **D.     The State Court Already Adjudicated All Of The Loan Claims And**
8    **Ruled That Three Of The Four Trusts Were Void.**

9    **1.     The State Court's Summary Adjudication Of The Loan Claims.**

10       On 30 August 2013 the State Court entered a ruling granting RFC summary
11   adjudication on all of the Loan Claims—i.e., determining that:

12           •    Roger and DJRI are liable to RFC on the Roger Loan; and
13           •    All of the Roger Defendants are liable to RFC on the BLP Loan.

14   I App, Tab 1, ¶¶ 17–18 at 13 & 136–143.  Before the State Court entered a formal
15   order on the RFC's motion for summary adjudication on the Loan Claims, however,
16   Roger filed bankruptcy.  Id.

17   **2.     The State Court's Summary Adjudication Of The Trust Claims Re**
18   **Arcanum Business Trust, The Rose Cross Trust, And The Sardis**
19   **Trust.**

20       On 28 October 2013 the State Court entered a ruling granting RFC summary
21   adjudication against Roger and the trustees of the Arcanum Business Trust, the
22   Rose Cross Trust, and the Sardis Trust on the Trust Claims, determining that:

23           •    The Arcanum Business Trust;
24           •    The Rose Cross Trust; and
25           •    The Sardis Trust[1]

26

27   ─────────────────
       [1]The State Court erroneously stated in the State Court's minute order that the State Court
28   would set aside Templar Holdings, LP (not a trust), instead of the Sardis Trust.  RFC's motion
     papers, before the State Court, correctly stated the Sardis Trust, not Templar Holdings.

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

-9-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1  are void from the outset as a matter of law.  I App, Tab 1, ¶¶ 19–22 at 13–14.  The

2  State Court found that triable issues of fact existed regarding whether or not the

3  Hiram Business Trust is void from the outset.  Id.  The State Court has yet to enter a

4  formal order on RFC's motion for summary adjudication on the Trust Claims.   Id.

5  Accordingly, the only remaining Trust Claim that the State Court needs to

6  adjudicate is RFC's cause of action to declare the Hiram Business Trust void from

7  the outset against the trustees of the Hiram Business Trust and Ebarb—both non-

8  debtors who are not subject to the automatic stay.  Id.

9  **E.**     **Effect Of Bankruptcy.**

10       Roger filed bankruptcy on 25 October 2013.  1 App, Tab 1, ¶ 23 at 14–15. At

11  that time the State Court had set trial in the State Court Action for 11 April 2014.

12  Id.

13        Since Roger filed bankruptcy, however,:

14            •     Roger has claimed that the entire State Court Action is stayed.

15            •     RFC has claimed that the automatic stay stays RFC's

16  prosecution of some causes of action, but not others in the State Court

17  Action.

18            •     Because all of RFC's causes of action are against both debtors

19  and non-debtors jointly and severally, instead of litigating the State Court

20  Action using a "piece-meal" approach (i.e., litigating a cause of action

21  against a non-debtor, and then litigating the same cause of action against a

22  debtor again later), at the request of the parties, the State Court stayed the

23  prosecution and defense of all causes of action in the State Court Action until

24  RFC obtained relief from stay.

25            •     The State Court vacated the 11 April 2014 trial date and would

26  reset the trial date once the Bankruptcy Court resolves stay issues.

27  I App, Tab 1, ¶¶ 24–27 at 15–16.

28

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

-10-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

**F.**   **RFC Is The Largest Creditor in Roger's Bankruptcy**.

RFC is Roger's largest creditor, representing approximately 98% of Roger's unsecured, non-insider creditor pool.[2]   I App, Tab 9, 729–30.

**G.**   **No Removal.**

After Roger filed bankruptcy, no party removed the State Court Action to the Bankruptcy Court by the deadline to do so—i.e., 24 January 2014 (ninety days after Roger's bankruptcy filing).   I App, Tab 1, ¶ 28 at 16.

**H.**   **RFC's Motion for Relief from Stay**.

Given the extremely advanced stage of, and predominantly state-law issues in, the State Court Action and given the risk of inconsistent results, RFC filed a motion for relief from stay to prosecute the State Court Action against Roger to judgment and to obtain post-judgment orders on attorneys' and receiver's fees, expenses, and costs (the "Motion").   I App, Tab 2, 160–171.

**I.**   **The Trustee's Opposition to the Motion**.

The Chapter 7 Trustee in Roger's bankruptcy (the "Trustee") opposed the Motion, contending that:

- The Trustee would file an objection to RFC's claim;

- Because the Bankruptcy Court would have to determine the Trustee's objection to RFC's claim, the Bankruptcy Court would have to "reconsider" any judgment that the state court enters against Roger;

- Because the Bankruptcy Court would have to determine the Trustee's objection to RFC's claim, allowing RFC to proceed with the State Court Action would have an adverse affect on the "administration of the estate"; and

- The State court judgment could lead to appeals, which would

---

[2]This amount excludes claims by creditors who are secured by real property and, therefore, whose claim will be directly paid off from the sale of the real property or any claims by any insiders of Roger.

FRALEY & ASSOCIATES
STE. 702
617 W. 7. ST.
LOS ANGELES CA 90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1  cause further delays.

2  I App, Tab 4, 186–203.

3  **J.      The Trustee's Objection to RFC's Claim**.[3]

4        Shortly after the Trustee opposed the Motion, the Trustee filed an objection

5  to RFC's claim in Roger's bankruptcy (the "Trustee's Objection").  The Trustee's

6  Objection raised predominately state-law issues—a thinly-veiled attempt to forum

7  shop and bring into the Bankruptcy Court's jurisdiction the issue of liability and

8  damages due to RFC (all state-court issues).  I App, Tab 5, 331–45.  Specifically, in

9  the Trustee's Objection, the Trustee raised the following state-law questions:

10             •      As a matter of state contract law, whether the terms of the

11  Roger/BLP Loans entitle the lender to recover receiver's fees, expenses, and

12  costs;

13             •      As a matter of state receivership law, who is liable for receiver

14  fees, expenses, and costs;

15             •      As a matter of state contract law, what is the amount of

16  receiver's fees, expenses, and costs due on the Roger Loan versus the BLP

17  Loan;

18             •      As a matter of state attorneys' fees law, what is the amount of

19  attorneys' fees, expenses, and costs due on the Roger Loan versus the BLP

20  Loan;

21             •      As a matter of state contract law, what is the amount that Roger

22  owes RFC on the Roger/BLP Loans as of 23 October 2013 and after 23

23  October 2013;

24             •      As a matter of state contract law, what is the total amount that

25  _____

26  [3]Given the predominance of state-law issues in the Trustee's and Roger's
objections to RFC's claim, RFC filed a motion requesting that the Bankruptcy

27  Court abstain from deciding the state-law issues in the Trustee's and Roger's
objections.  The Bankruptcy Court denied RFC's motion for abstention, which is

28  the subject of the related appeal, with the case number 5:14-cv-00087-SJO.

Fraley & Associates
Ste. 702
617 W. 7. St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1  Roger owes to RFC on the Roger Loan as of 23 October 2013; and

2          •       As a matter of state partnership law, whether Roger's liability on

3  the BLP Loan is as a general partner in BLP or as a guarantor of the BLP

4  Loan.

5  <u>Id</u>.

6  **K.    <u>Roger's Opposition to the Motion.</u>**

7          Roger also opposed the Motion on the grounds that the Motion would

8  adversely affect the administration of the estate because granting relief from stay

9  would purportedly halt cooperation by Roger with the Trustee in reaching

10  settlement terms regarding the unwinding of Roger's assets.  I App, Tab 3, 175–

11  181.  Roger, however, provided absolutely no evidence (no declaration, testimony,

12  evidence of any proposed settlement terms, detail of the status of any purported

13  settlement discussions) to support Roger's opposition.  <u>Id</u>.

14  **L.    <u>Roger's Objection to RFC's Claim.</u>**

15          Roger objected to RFC's claim on the grounds that Roger never defaulted on

16  the Roger/BLP Loans—an issue on which the parties to the State Court Action

17  litigated for over four years, conducted extensive discovery, and the State Court

18  already determined in RFC's favor on motions for summary adjudication.  I App,

19  Tab 6m 662–66.  Roger contends that because the State Court never entered a

20  judgment in the State Court Action, the State Court's decision on RFC's motions

21  for summary adjudication had no res judicata effect, so the Bankruptcy Court could

22  determine these issues all over again.  <u>Id</u>.

23  **M.    <u>Bankruptcy Court's Ruling On RFC's Motion For Relief From Stay.</u>**

24          At the hearing on the Motion, the Bankruptcy Court stated the following:

25

26  "At the end of the day, the amount at issue—the true debt we'll call it,
    the—the amount owing on the note is going to be really tiny little
27  fraction of claims against the estate.  The rest—the vast majority are
    going to be administrative fees, your fees, receiver's fees.  So—"

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA 90017
Tel 213.550.4000
Cmecf@fraleylaw.com

28

-13-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

II App, Tab 16, 840:18–23

**"**It's difficult for me to get past the one point . . . it seems inordinate to the amount of the notes and the results achieved at the time the Debtor's filed bankruptcy." II App, Tab 16, 815:24–816:5.

"I am concerned that the State Court would—I am—I am concerned about – in some small part what the—that ruling on those fees may be more of a – more of a – through a narrow microscope and would not take into account sort of the bigger picture." II App, Tab 16, 816:11–15.

"I've come to the conclusion that I'm not going to be able to tie every loose end of this very—these very complicated cases up in a nice little bow." II App, Tab 16, 826:25–827:1–3.

In essence, even though the Bankruptcy Court had no personal knowledge of the Roger Defendants' conduct in the State Court Action that caused the attorneys' and receiver's fees, expenses, and costs incurred, the Bankruptcy Court implied that the Bankruptcy Court was concerned that the State Court would reach a decision regarding the amount of attorneys' and receiver's fees, expenses, and costs due on the Roger/BLP Loans that the Bankruptcy Court did not agree with, so the Bankruptcy Court wanted to determine those amounts itself, even if doing so created inconsistent results among the jointly and severally liable debtor and non-debtor defendants. Id.

///

///

///

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

-14-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1

### V. LEGAL DISCUSSION

2

**THE BANKRUPTCY COURT COMMITTED A REVERSIBLE ERROR BY**

3

**DENYING RELIEF FROM STAY**

4

**A.**     **The Bankruptcy Court Committed A Reversible Error By Denying**

5

**Relief From Stay As A Matter of Law.**

6

The congressional intent for the relief from stay statute to allow a creditor to

7

pursue a non-bankruptcy case in a non-bankruptcy forum is:

8

" It will *often be more appropriate to permit proceedings to continue*

9

*in their place of origin* when no great prejudice to the bankruptcy

10

estate would result, in order to leave the parties to their chosen forum

11

and *to relieve the bankruptcy court from many duties that me be*

12

*handled elsewhere*."

13

In re Santa Clara County Fair Ass'n., 180 B.R. 564, 566 (9th Cir. BAP 1995).

14

Accordingly, the Ninth Circuit BAP held that "*Congress' above-quoted language*

15

*does not imply that the debtor can use the bankruptcy forum to deter or deflect*

16

*resolution of claims against it by another forum with proper jurisdiction*."  Id. at

17

567.    So, where a plaintiff is entitled to a jury trial, the plaintiff's claim involves

18

non-bankruptcy issues of law, where another forum has proper jurisdiction over the

19

plaintiff's claim, and the claim involves non-debtor parties, the balancing of

20

equities requires a bankruptcy court to grant relief from stay.  Id. at 567.

21

Further, in Tucson Estates, the Ninth Circuit *reversed* a bankruptcy court's

22

order denying relief from stay and refusing to abstain from deciding a state court

23

issue because the bankruptcy court was concerned that a state court's determination

24

of a restrictive covenant's reach would have an "impact on the value of the estate."

25

In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990).  In holding that the

26

bankruptcy court's refusal to abstain from deciding this issue was a ***reversible***

27

***error***, the Ninth Circuit reasoned that:

•     The bankruptcy court's implicit assumption that the bankruptcy

28

Fraley & Associates
Ste. 702
617 W. 7th St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

-15-

**Opening Brief by Appellant Revere Financial Corporation**

court's decision on the issue might be different than the state court's was faulty because state law governs the issue, so both courts should reach the same result.  Id.

•      The "impact on the bankruptcy estate may be of grave concern to the bankruptcy's creditors but ***it is irrelevant*** to the determination of . . . what damages are due under state law."  Id.

•      ***The issue of liability and the amount of damages of a claim are "distinct from the administration of the bankruptcy estate****,*" and should be resolved in the state court.  Id.  at 1169.

The Ninth Circuit reached the same result in In re Castlerock Properties.  781 F.2d 159, 164 (9th Cir. 1986).   The Ninth Circuit held that when "a state court is about to take place involving the same issues," terminating the automatic stay is appropriate to allow "the entire case to be determined by one forum."  Id.

Similarly, in Edmondson v. America West Airlines, 148 B.R. 920 (Bankr. D. Az. 1993) (a district court within the Ninth Circuit), a creditor sought relief from stay to serve a complaint on a debtor—i.e., the non-bankruptcy action ***had yet to even commence against the debtor****.*   The bankruptcy court still granted relief from stay for the following reasons:

•      Requiring the debtor to defend the plaintiff's suit would not affect the debtor's ability to continue bankruptcy proceedings.  Id. at 923

•      The debtor's mere filing of a bankruptcy petition "does not erase plaintiff's claim, their opportunity to litigate, or the fact that a debtor may be liable to the plaintiff to some amount."  Id. at 923

•      The creditor only seeks to establish liability and liquidate damages.  Id. at 924.

•      Where the debtor argues that the bankruptcy court would be giving the plaintiff preferential treatment over all other creditors in the event the debtor is liable,   "***[s]uch argument is premature because it is more***

-16-

FRALEY & ASSOCIATES
STE. 702
617 W. 7 ᵗ ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

***appropriate for the [trial court] to first determine non-bankruptcy issues***— i.e., whether a claim exists and the amount of damages, if any.  After such determination, then the bankruptcy issues become relevant***.  Consequently, it would be a waste of this Court's judicial resources to attempt to estimate the claim and its priority among other claimants***."   Id. at 925 (emphasis added).

• "The fact that the state court action involved non-bankruptcy issues which did not require the expertise of the bankruptcy court and could be handled elsewhere militated toward a finding that the state court was the proper tribunal for the action." Id. at 925

• "A action that involves non-bankruptcy common law claims are best heard in the trial court." Id.

In short, the basic rule of decision on motions for relief from stay is:  State courts should decide state-law issues, and bankruptcy courts should decide bankruptcy-law issues.

Yet, despite this overwhelming authority, the Bankruptcy Court completely contradicted the general rule, attempted to strip the State Court of jurisidction, and, simply put, would not allow the State Court to do its job.  In denying relief from stay, the Bankruptcy Court did exactly what the Ninth Circuit held that a bankruptcy court cannot do—retain jurisdiction because the Bankruptcy Court implicitly assumed that the State Court would reach a different result than the Bankruptcy Court regarding the state-law issues of the amount of attorneys' and receiver's fees, expenses, and costs due on the Roger/BLP Loans.   While the Bankruptcy Court may be concerned about the possible impact on the bankruptcy estate and, therefore, want to determine the amount of fees/expenses due on the Roger/BLP Loans itself, the Ninth Circuit explicitly held that such a concern was irrelevant and improper in determining relief from stay (a reversible error).  As a matter of law, "***it is more appropriate for the [trial court] to first determine non-***

-17-

FRALEY & ASSOCIATES
STE. 702
617 W. 7⸴ ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

*bankruptcy issues.*"  So, as a matter of law, the State Court should determine the issue of liability and damages (e.g., the total amount due on the Roger/BLP Loans, including all attorneys' and receiver's fees, expenses, and costs), **not** the Bankruptcy Court, especially given the existence of jointly and severally liable non-debtor defendants.  The Bankruptcy Court's:

- Refusal to allow the State Court to determine the state-law issues of liability and damages due on the Roger/BLP Loans (even though the State Court is much more familiar with these issues);

- Insistence on retaining jurisdiction to create (now) four different fora (three bankruptcies and a state court action) to decide the same issue of liability and damages among four jointly and severally liable defendants (issues that the Ninth Circuit has held is for state courts to decide);

- Complete disregard for comity (especially when all the State Court has to do is enter judgment and decide post-judgment motions); and

- Complete disregard for the consequences that will arise from inconsistent results,

in denying the Motion is a reversible error.

## B.   The Bankruptcy Court Committed A Reversible Error By Denying Relief From Stay As A Matter of Fact.

Bankruptcy courts will find "cause" to lift the automatic stay and allow a creditor to continue a non-bankruptcy action in the interest of judicial economy by analyzing a number of factual factors.  E.g., In re Santa Clara Cty. Fair Assoc., 180 B.R. 564, 567 (9th Cir. 1995) (judicial economy sufficient to lift automatic stay); In re Kemble, 786 F.2d 803, 807 (9th Cir. 1985) (bankruptcy court may consider judicial economy in deciding whether to permit relief from stay and allow non-bankruptcy action to proceed).  When considering judicial economy, bankruptcy courts analyze whether or not:

a.   The creditor commenced the litigation in state court prior to the

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

petition date.  In re Blan, 237 B.R. 737, 740 (8th Cir. 1999).

b.      The parties already engaged in substantial discovery in the state court action by the time the debtor filed bankruptcy.  Id.

c.      The state court litigation was on verge of trial.  In re McGuirt, 61 B.R. 974, 975 (S.D. Tex. 1986).

d.      All causes of action involve purely state law issues.  In re Pacific Gas & Elec. Co., 279 B.R. 561, 570 (N.D. Cal. 2002).

e.      Trying causes of action in two separate fora would result in substantial duplication of efforts and additional costs.  Id.

f.      The creditor invested significant resources and legal fees in prosecuting the state court action.  Matter of Pursuit Athletic Footwear, Inc., 193 B.R. 713, 719 (D. Del. 1996).

g.      There are risks of inconsistent results in two fora, of conflict in interpretation of state law between bankruptcy court and state court, and of duplication of efforts.  Castlerock Properties, 751. F2d at 163; In re Davis, 91 B.R. 470, 471 (N.D. Ill. 1988).

Further, some bankruptcy courts also apply the following factors called the "Curtis Factors":

a.      Whether the relief will result in a partial or complete resolution of the issues;

b.      The lack of any connection with or interference with the bankruptcy case;

c.      Whether the foreign proceeding involves the debtor as a fiduciary;

d.      Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

FRALEY & ASSOCIATES
STE. 702
617 W. 7⸰ ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

28

-19-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

e.     Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

f.     Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

g.     Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

h.     Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

i.     Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

j.     The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

k.     Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

l.     The impact of the stay on the parties and the "balance of hurt," In re Plumberex Specialty Prods., Inc., 31 B.R. 551, 559 (C.D. Bankr. 2004).  Not all twelve of the Curtis Factors are relevant and even the presence of only three factors is sufficient to constitute cause to grant relief from stay.  Id.

A balancing of all of these factors strongly favor granting relief from stay[4]:

•     **Advanced Stage of Litigation**:  After four years of litigation, the parties have already litigated, and the State Court has already heard,

_____

[4]Because many of the "Curtis Factors" do not apply factually, in the interest of efficiency, RFC does not discuss any "Curtis Factors" that are irrelevant—i.e., foreign proceedings involving debtor as a fiduciary, insurance assuming full financial responsibility, debtor as bailee/conduit of goods, claim arising from foreign action under section 510(c), and foreign proceeding resulting in judicially avoidable lien under Section 522(f).

FRALEY & ASSOCIATES
STE. 702
617 W. 7. ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

considered, and ruled on the facts and law on all of the causes of action for which RFC seeks relief from stay on summary adjudication motions.  For the seven causes of action for which RFC seeks relief from stay, therefore, **the only thing that the State Court must do is simply enter the orders on summary adjudication and, subsequently enter judgment against the Debtor**.  Given the advanced stage of litigation in the State Court Action, proceeding with the State Court Action to judgment, not re-litigating all over again in Bankruptcy Court, is more efficient and economical.

•       **State Court Should Determine Liability and Damages**:  RFC "only seeks to establish liability and liquidate damages"—i.e., what are the total amounts due on the Roger/BLP Loans (the exact scenario that the Ninth Circuit cases that RFC cite contemplate).  As the Ninth Circuit has repeatedly held, because the State Court Action involves purely non-bankruptcy claims for which the State Court is intimately aware, "an action that involves non-bankruptcy common law claims is best heard in the trial court."

•       **Forum Shopping by Trustee and Debtor**:  The Trustee's and the Debtor's objection to RFC's claim are classic examples of forum shopping.

o       Instead of agreeing to the Bankruptcy Court's granting RFC relief from stay for the State Court to decide the remaining state-law issues to liquidate RFC's claim, the Trustee, who would rather litigate before a Bankruptcy Court in which the Trustee is familiar, instead, files an objection raising predominantly all of the same state-law issues to give the Bankruptcy Court jurisdiction over these state-law issues.

o       Roger, having had multiple chances in the State Court to make Roger's case, and having failed each time, now wants to relitigate the issue of liability all over again in a new forum.

FRALEY & ASSOCIATES
STE. 702
617 W. 7 · ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

-21-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

1    •    **No Prejudce to Other Creditors:**  Because RFC represents the

2    substantial majority of Roger's creditor pool, other creditors will suffer little

3    to no prejudice if the Bankruptcy Court granted relief from stay for RFC to

4    liquidate RFC's claims against Roger.

5    •    **Prejudice to RFC**:  RFC will suffer extreme prejudice from

6    denial of relief from stay.  RFC asserts the exact same causes of action on

7    which RFC seeks relief from stay against the all of the Roger Defendants

8    (both debtors and non-debtors) jointly and severally.

9    o    Regarding liability:   Roger objected to RFC's proof of

10   claim in  Roger's bankruptcy *on the exact same issues that the parties*

11   *to the State Court Action had been litigating for four years—i.e.,*

12   *whether or not Roger defaulted on the Roger/BLP Loans.*   By

13   denying relief from stay, RFC would have to re-litigate these exact

14   issues all over again when RFC already conducted extensive discovery

15   on these issues, extensively litigated these issues for over four years in

16   the State Court Action, and the State Court has already determined

17   these issues.  Further, RFC would still have to obtain judgment in the

18   State Court Action against the non-debtor defendants.

19   o    Regarding the reasonableness of RFC's attorneys' fees,

20   expenses, and costs and the receiver's fees, expenses, and costs—***the***

21   ***State Court must still resolve these issues as against the non-debtor***

22   ***defendant (Ebarb) in the State Court anyway***.   So, denial of relief

23   from stay would require unnecessary quadruple time and resources for

24   the Bankruptcy Court to determine the reasonableness of RFC's

25   attorneys' fees, expenses, and costs as part of RFC's claim against

26   Roger, BLP, and DJRI in three separate bankruptcies and the State

27   Court to ***still*** take the time and resources to determine the

28   reasonableness of RFC's attorneys' fees, expenses, and costs against

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA  90017
Tel  213.550.4000
Cmecf@fraleylaw.com

-22-

1  Ebarb in the State Court Action—i.e., litigation of the exact same issue
2  in four different forums.

3      •      **Inconsistent Results/Comity/Complete Resolution if Before**
4  **State Court**:  What happens if the State Court and the Bankruptcy Court
5  reach different results?  How would the courts and parties resolve the
6  conflict?  The loan documents for the Roger/BLP Loans entitle RFC to hold
7  Roger and DJRI jointly and severally liable for the full amount due on the
8  Roger Loan and all of Roger, DJRI, BLP, and Ebarb jointly and severally
9  liable for the full amount due on the BLP Loan—i.e., one amount due on the
10 Roger Loan that RFC can easily enforce against either Roger, DJRI, or both
11 in any proportion until one or both pay the Roger Loan in full and one
12 amount due on the BLP Loan that RFC can easily enforce against Roger,
13 DJRI, BLP, and/or Ebarb in any proportion until one or more pay the BLP
14 Loan in full.  What happens if, for example:

15      ▪      The Bankruptcy Court were to find that the total amount
16 due on the Roger Loan is $1,000,000 as against Roger?

17      ▪      The State Court were to find that the total amount due on
18 the BLP Loan is $2,000,000 and enters judgment against Ebarb in that
19 amount?

20      ▪      The Bankruptcy Court, in Roger's bankruptcy, were to
21 find that the total amount due on the BLP Loan is $1,000,000 as
22 against Roger?

23      ▪      The Trustee in BLP's bankruptcy does not object to
24 RFC's claim in the BLP bankruptcy (the Roger Trustee has not done
25 so yet) and the Bankruptcy Court allows RFC's entire claim for far
26 more than $1,000,000 against BLP in the BLP bankruptcy?

27 In this scenario, two different courts have made multiple determinations on
28 the total amount due on the Roger Loan and on the BLP Loan.  How

FRALEY & ASSOCIATES
STE. 702
617 W. 7ᵗ St.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

-23-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

unseemly is this result?  Because the Roger Defendants are all jointly and severally liable for the full amount due, how does RFC go about enforcing these judgments?  If RFC were to collect $100,000 from Ebarb, would RFC have to credit Roger this amount even though the amounts that Ebarb and Roger owe RFC is different?  How will the sheriff who levies the judgment know if the judgment has been satisfied—which amount would the sheriff use?  Would the Roger Defendants then have contribution and/or indemnification claims against one another?  If so, which court decides these claims and which "determination" of the amounts due is used?  Creating such a messy, complicated, and burdensome scenario makes no sense when doing so is completely unnecessary.  By simply allowing the State Court to make one determination as to the total amounts due on the Roger/BLP Loans as against all of the jointly and several Roger Defendants completely prevents such complicated, unseemly, and inconsistent results.  Indeed, allowing the State Court to do so would result in the complete resolution of the amount of the Roger Defendants' debt to RFC.

• **One Forum vs. Multiple Fora**:  The Bankruptcy Court admitted that the Bankruptcy Court could not "tie every loose end of this very—these very complicated cases up in a nice little bow" given that non-debtor defendants exist.  Yet, the Bankruptcy Court refuses to allow the only forum that can "tie every loose end"—i.e., the State Court—from doing just that.

• **State Court Is More Familiar With State-Law Issue Of Fees**: The reasonableness of RFC's attorneys' fees, expenses, and costs, and whether or not RFC is entitled to recover these attorneys' fees, expenses, and costs are state court issues for which the State Court is in the best position to determine.  The State Court, not the Bankruptcy Court, has special expertise and knowledge of the Roger Defendants' conduct in the State Court Action

FRALEY & ASSOCIATES
STE. 702
617 W. 7⸱ ST.
LOS ANGELES CA 90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

-24-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

that caused the fees, expenses, and costs at issue.  Indeed, the State Court, not the Bankruptcy Court, has personal knowledge of:

o    The dozen-plus motions/ex parte applications that the Roger Defendants filed to reconsider the state court's order to appoint a receiver;

o    The repeated motions the Roger Defendants made to reconsider the state court's orders granting motions to compel;

o    The dozen-plus motions to compel that the Roger Defendants' discovery misuse caused (i.e., the Roger Defendants spent four years refusing to simply admit that the loan documents that the Roger Defendants signed were authentic);

o    The $20,000 in discovery sanctions and evidentiary sanctions that the state court imposed against the Roger Defendants for their discovery abuse;

o    The appointment of a discovery referee given the volume of discovery disputes that the Roger Defendants created;

o    The Roger Defendants' outright refusal to comply with state court orders and blatant contempt of court for months on end despite repeated state court admonishment;

o    The seven day contempt trial that the Roger Defendants' actions caused; and

o    The dozen-plus ex parte applications to release Roger/Ebarb from jail all on the same grounds, instead of simply complying with the contempt judgment and producing documents.

Who better to determine the reasonableness of the fees, expenses, and costs at issue, than the judge who oversaw all of the Roger Defendants' conduct that caused those fees, expenses, and costs?

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA 90017
Tel 213.550.4000
Cmecf@fraleylaw.com

-25-

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

• **Interference with Bankruptcy Estate**:  Although the Trustee and Roger claimed that granting RFC would "interfere with the bankruptcy estate," neither the Trustee nor Roger offered any evidence to support this claim.

     o     First, the Trustee and Roger contend that the Trustee and Roger are working on an agreement to bring the assets of the trusts into the bankruptcy estate.  The Trustee and Roger, however, provided absolutely no evidence of any agreement whatsoever to the Bankruptcy Court.  There is no evidence regarding what terms either party is proposing, what issues the parties are facing, how close the parties are to reaching a deal, etc.  Indeed, nearly one year after Roger filed bankruptcy and nearly six months since RFC filed RFC's motion for relief from stay, the Trustee and Roger have still not reached an agreement regarding the unwinding of Roger's assets.  If Roger was going to cooperate with the Trustee, wouldn't Roger have reached an agreement with the Trustee already?  Given that no agreement exists, how can RFC possibly interfere with a non-existent agreement?

     o     Second, the Trustee has not completed liquidating all of the Roger's assets yet and has not distributed any assets to any creditors.  Granting RFC relief from stay to simply liquidate RFC's claim has absolutely no affect on the Trustee's ability to liquidate assets.

     o     Finally, liquidating RFC's state court claims against Roger as soon as possible will not interfere with the bankruptcy estate, but instead, best serve the efficient administration of Roger's bankruptcy estate by giving the Trustee a clearer understanding of the scope of Roger's liabilities and the ratio of RFC's claim to Roger's total creditor pool.

-26-

FRALEY & ASSOCIATES
STE. 702
617 W. 7. ST.
LOS ANGELES CA 90017
TEL 213.550.4000
CMECF@FRALEYLAW.COM

•   **Bankruptcy Court's Failure to Weigh Factors**:  In denying RFC relief from stay, the Bankruptcy Court did not have any meaningful discussion or analysis about the factors that courts generally consider in granting relief from stay.  Instead, the Bankruptcy Court repetaedly made categorical, general statement thats, although RFC made valid arguments, the Bankruptcy Court just "think[s] in the wash it makes more sense to keep it here [in the Bankruptcy Court]."  II App, Tab 16, 835:22–836:2 & 847:13–17.  So, what factors the Bankruptcy Court actually considered, the weight that the Bankruptcy Court actually put on each factor, or why the Bankruptcy Court concluded that no "cause" existed for relief from stay is far from clear.

Given that the State Court Action is nearly complete and that the State Court and the parties invested a substantial amount of time and resources in the State Court Action, that the State Court would be the only forum with jurisdiction over all of the jointly and severally liable Roger Defendants completing the State Court Action would be more efficient than starting anew before the Bankruptcy Court.  The best interest of judicial economy, therefore, required the Bankruptcy Court to grant the Motion.  The Bankruptcy Court's refusal to do so given that the overwhelming amount of facts favoring granting relief from stay is a reversible error.

**OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION**

FRALEY & ASSOCIATES
STE. 702
617 W. 7. ST.
LOS ANGELES CA  90017
TEL  213.550.4000
CMECF@FRALEYLAW.COM

# VI.   CONCLUSION

When RFC moved for relief from stay, all the State Court needed to do was enter orders on summary adjudication motions, enter a judgment against all of the Roger Defendants, and enter orders on post-judgment motions as against all Roger Defendants in one forum.  As a matter of law, because the State Court Action is nearly complete, because the State Court Action involves purely non-bankruptcy issues, because the State Court Action has jurisdiction over non-debtor defendants, because the State Court has more expertise on the legal and factual issues of RFC's state law causes of action, because proceeding with the State Court Action will eliminate duplication of efforts and prevent inconsistent results, the Bankruptcy Court should have granted RFC relief from stay.  The Bankruptcy Court's refusal to do so because the Banrktupcy Court implicitly was afraid that the State Court's determination of state-law issues would be different than the Bankruptcy Court is a reversible error.  The Bankruptcy Court's refusal to adequately consider all of the factors in finding cause for relief from stay was also a reversible error.  This Court, therefore, should reverse.

Dated:  2015-01-29

Respectfully submitted,

FRANKLIN R. FRALEY, JR.
Fraley & Associates

By: /s/ Franklin R. Fraley, Jr.
      Franklin R. Fraley, Jr.
Attorneys for Secured Creditor and Appellant REVERE FINANCIAL CORPORATION

Fraley & Associates
Ste. 702
617 W. 7ᵗʰ St.
Los Angeles CA 90017
Tel 213.550.4000
Cmecf@fraleylaw.com

-28-

OPENING BRIEF BY APPELLANT REVERE FINANCIAL CORPORATION